WITHERS BERGMAN LLP
Jeremy A. Mellitz (JM1221)
430 Park Avenue
New York, New York 10022
212.848.9800 (p)
212.848.9888 (f)
*Attorney for Aeronautica Militare Italiana*

'10 CIV 09367

JUDGE MOTZ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MINISTERO DELLA DIFESA,                  :
AERONAUTICA MILITARE ITALIANA,           :
                                         :
                    Plaintiff,           :      No. 10-_____
                                         :
            -against-                    :
                                         :      COMPLAINT
41 NORTH 73 WEST, INC. and               :
COUNTY OF WESTCHESTER,                   :      JURY TRIAL DEMANDED
                                         :
                    Defendants.          :
-------------------------------------------------------x

### PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Ministero della Difesa, Aeronautica Militare Italiana ("Italian Air Force" or "IAF") is an instrumentality of the Italian Republic, a foreign state.

2.  Defendant 41 North 73 West, Inc., d/b/a AVITAT Westchester and Jet Systems ("AVITAT") is a Delaware corporation with a place of business at Westchester County Airport, Hangar E, White Plains, NY 10604.

3.  Defendant County of Westchester (the "County") is a county located in the State of New York.

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because of the diversity between parties and because the amount in controversy exceeds $75,000.

5.  Venue is proper as the Southern District of New York is the judicial district in which the events or omissions giving rise to the claim occurred and as the Defendants are located therein.

## THE CONTROVERSY

6.  The Westchester County Airport (the "Airport") is owned and operated by the County.

7.  AVITAT is a general aviation fixed-based operator at the Airport and provides fueling and other services for corporate and general aviation aircraft, crews and passengers.

8.  The IAF and AVITAT entered into an agreement (the "Agreement") by which AVITAT was to perform various services for Italian Air Force aircraft while they were landed, parked or otherwise located at the Airport.

9.  On December 17, 2007, Italian Air Force aircraft A319CJ M.M. 62209 (the "Aircraft") landed at the Airport carrying an Italian delegation (the "Passengers") that included the Italian Minister of Foreign Affairs in office at that time, various other Italian diplomats and the press corps following the Italian Minister of Foreign Affairs.

10. Upon landing, a post-flight inspection of the Aircraft was performed and completed on December 18, 2007 by the IAF flight crew, which inspection did not reveal any damage to the exterior of the Aircraft.

11. Pursuant to the Agreement, the Aircraft was parked in its designated area at the Airport by AVITAT.

12. On December 18, 2007, the Aircraft was left in the exclusive custody and control of AVITAT at the Airport.

document number: NY24501/0001-US-958643/3

13. On December 20, 2007, the Aircraft flight crew performed a pre-flight check of the Aircraft in preparation for the planned departure of the Passengers that same day.

14. During its pre-flight check, the Aircraft flight crew noted damage to the skin of the right engine cowl and a broken drain mast tube.

15. The damage to the Aircraft was caused by the Defendants.

16. A temporary repair to the Aircraft was required in order to allow the Aircraft to fly back to Italy.

17. As a result of the delay needed for the temporary repair, the Passengers who arrived on the Aircraft and were scheduled to depart on December 20, 2007 were required to obtain accommodations for that night and commercial flight tickets to Italy the following day.

18. Because of the damage to the Aircraft caused by the Defendants, IAF was damaged in the amount of $182,381.03 for the repair of the Aircraft and related costs, including accommodations and return travel expenses of the Passengers.

## COUNT ONE
### Breach Of Contract Against AVITAT

19. Plaintiff IAF repeats and realleges paragraph 1 through 18 as if fully set forth herein.

20. AVITAT personnel caused the damage to the aircraft.

21. As a result, AVITAT is in default of its express and/or implied contractual obligations under the Agreement in that AVITAT:

    a. failed to exercise reasonable care in its operation, maintenance or other handling of the Aircraft; and

    b. breached the implied covenant of good faith and fair dealing inherent in the Agreement.

document number: NY24501/0001-US-958643/3

## COUNT TWO
### Negligence Against AVITAT

22. Plaintiff IAF repeats and realleges paragraph 1 through 18 and 20 as if fully set forth herein.

23. AVITAT failed to exercise reasonable care in its operation, maintenance or other handling of the Aircraft under the circumstances in one or more ways, namely, without limitation:

    a. it operated the Aircraft at a rate of speed greater than was reasonable, having regard to the width of the runway, weather conditions and other conditions at the time;

    b. it failed to operate the Aircraft in the assigned lane or portion of the runway or other assigned portion of the Airport, so as to prevent damage to the right side of the Aircraft;

    c. it failed to operate, maintain or otherwise handle the Aircraft in such a manner as to avoid obstructions that would damage the Aircraft;

    d. it attempted at various times to move the Aircraft when such movement could not be made with reasonable safety and without interfering with other structures or vehicles;

    e. it failed to keep the Aircraft under proper control, having regard to the width and conditions of the runway, and having regard to the weather and visibility;

    f. it was inattentive and failed to keep a proper lookout in its operation, maintenance or other handling of the Aircraft;

    g. it failed to apply the brakes of the Aircraft in sufficient time and in such fashion as to permit the Aircraft to slow or stop in time to avoid a collision;

document number: NY24501/0001-US-958643/3

  h. it failed to steer the Aircraft so as to avoid a collision when in the exercise of reasonable care it could have done so.

## COUNT THREE
### Bailment—Damage To Goods Of Bailor Against AVITAT

24. Plaintiff IAF repeats and realleges paragraphs 1 through 18, 20 through 21 and 23 as if fully set forth herein.

24. The Aircraft was delivered to AVITAT by the Plaintiff.

25. IAF retained title to the Aircraft after delivering it to AVITAT.

26. The Agreement expressly or impliedly provided that AVITAT return the Aircraft to IAF and treat the Aircraft according to IAF's direction.

27. The damage to the Aircraft resulted from AVITAT's negligence.

28. AVITAT is liable as a bailee for damage to the property of the bailor.

## COUNT FOUR
### Constructive Bailment Against AVITAT

29. Plaintiff IAF repeats and realleges paragraphs 1 through 18, 20 through 21 and 23 as if fully set forth herein.

30. When the damage to the Aircraft occurred, AVITAT was in lawful possession of the Aircraft.

31. In its capacity as a general aviation fixed-based operator, AVITAT was required to keep the Aircraft safe and to redeliver it to IAF.

32. The lawful possession of the Aircraft by AVITAT constituted a constructive bailment.

33. AVITAT is liable as a constructive bailee for damage to the property of the constructive bailor.

document number: NY24501/0001-US-958643/3

## COUNT FIVE
### Negligence Against The County

34. Plaintiff IAF repeats and realleges paragraphs 1 through 18 as if fully set forth herein.

35. The County is liable for the damages to the Aircraft in one or more ways, namely, without limitation:

    a. the Airport's runways or other assigned spaces for the Aircraft were too narrow or otherwise inadequate for safe passage or parking of the Aircraft;

    b. the Airport failed to keep its runways, adjacent areas or other assigned spaces for the Aircraft free from debris or other obstructions;

    c. Airport personnel failed to direct AVITAT to utilize the proper runways or other assigned spaces for the Aircraft;

    d. Airport personnel failed to direct or supervise the safe operation, maintenance or other handling of the Aircraft at the Airport.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff claims:

1. Actual, compensatory and consequential damages in an amount to be determined according to the evidence;

2. Interest and costs; and

3. Such other legal or equitable relief as this Court deems proper.

## **Demand for Trial by Jury**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

6

Dated: December 15, 2010

                        WITHERS BERGMAN LLP

                        By: _____
                            Jeremy A. Mellitz (JM1221)
                            430 Park Avenue
                            New York, New York 10022
                            (p) (212) 848-9800
                            (f) (212) 848-9888

                            Attorneys for Plaintiff
                            Aeronautica Militare Italiana